IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-850 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT D. GILMORE, KAREN M. SOKOL, MICHELLE BAKER, and BRIDGETTE WRIGHT, | ) ) ) ) | Re: ECF No. 32 |
| Defendants. | ) | |

## ORDER

Plaintiff Omar Jackson ("Plaintiff"), an inmate at the State Correctional Institution at Forest, has presented a *pro se* civil rights Complaint. ECF No. 9. Currently before this Court is a Motion to Compel filed by Plaintiff seeking an order directing Defendants Robert D. Gilmore ("Gilmore") and Karen M. Sokol ("Sokol") to provide responses to Plaintiff's discovery requests. ECF No. 32. Also before the Court is Defendants' Response Plaintiff's Motion to Compel. ECF No. 35.

As this Court has explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery

sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

Plaintiff claims that Gilmore failed to fully answer seven interrogatories and failed to produce documents in response to ten requests.[1] ECF No. 32 at 1. Plaintiff further claims that Sokol failed to fully answer eight interrogatories[2] and failed to produce documents in response to ten requests.[3] Id.

The Court has conducted a thorough review of the interrogatories, the requests for production, Defendants' responses to both, the instant Motion to Compel and Defendants' Response thereto. In support of his Motion to Compel, Plaintiff offers little to no argument as to the specific relevance of the requested discovery. Further, Defendants' objections to the discovery requests accurately reflect the inappropriate nature of the requests. Accordingly, Plaintiff's Motion to Compel will be denied.

AND NOW, this 2nd day of April, 2019, IT IS HEREBY ORDERED that the Motion to Compel, ECF No. 32, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff made only six requests for production. ECF No. 32-2 at 4.
[2] Plaintiff identifies Interrogatory #10 as one with an insufficient response. ECF No. 32 at 1. There was no such interrogatory submitted to Sokol. ECF No. 32-3 at 3.
[3] Plaintiff made only six requests for production. ECF No. 32-3 at 3.